The Honorable, the judges of the United States Court of Appeals for the Eighth Circuit. Hear ye, hear ye, hear ye. The United States Court of Appeals for the Eighth Circuit is now in session. All persons having business before this Honorable Court may now draw near and they will be heard. God save the United States and this Honorable Court. Good afternoon. Thank you to all counsel for joining us this afternoon by videoconference for this argument session. The court will hear three cases for oral argument this afternoon as set forth on the calendar. And we'll submit two cases without oral argument on the briefs. Madam Clerk, would you please call the first case for argument. Case number 20-2583 from the District of Minnesota, United States v. Dwight Barnes. Very well, Ms. Villa, we'll hear from you first. May it please the court, I am Virginia Villa and I represent Dwight Barnes who is the appellant in this case. I would note for the court that I find it incredibly interesting that both the prosecution and I have cited black letter law as to search and seizure in this case and have come to diametrically opposite conclusions as to whether or not there was probable cause for the search warrant that issued in this case. And there were four warrants that are at issue regarding prospective or real-time location tracking and two warrants that were for historic location tracking. And it is true that information at trial was only introduced as to one of the real-time location tracking and one of the historic location tracking. Before you go on, what's the significance of that last point? Are you saying we only need to consider the two that generated evidence that was used at trial? The government has said that the other two are moot and my concern with raising them in the appeal is that if I did not do so and you reversed on only two of those warrants, that they would then use information from the other two. So the question is, is that on a remand, would this still be moot if the government sought to use information from those other warrants? And so I feel like I have to challenge all of them whether or not it results in a remand. Which are the two from which evidence was used? The two from which the evidence was used was the 4603 warrant, which is the second warrant issued for the real-time location information. And I believe that the historic location was from the personal Google warrant rather than the business Google warrant, which was as far as government exhibits would go, would relate to government exhibit 3 rather than government exhibit 4. But if I am mistaken on that, I am sure that Ms. Bell will correct me since I was not trial counsel. Counsel, Judge Kobus here. I thought I heard you say that the dispute here is about probable cause for the four warrants. And I didn't read your brief on those lines and maybe I'm cutting too fine a line or maybe I'm misunderstanding it. But at page 26 of your opening brief, you can see that the affidavits established probable cause to believe Mr. Barnes was involved in trafficking. My understanding of the case is that the sole issue on appeal is really the nexus issue. Or am I drawing too fine of a line between the two? Because it seems like you conceded the affidavits are good as far as him and trafficking. It's just whether or not these particular devices or accounts were associated with that trafficking. No, that's not exactly it. And so that's where you have to understand what probable cause is and how it relates to nexus. Because I don't believe that you can disassociate probable cause and nexus of necessity. And I believe that this court's holdings confirm that. For instance, the government cites United States v. Colbert for the proposition that probable cause depends on the nature of the crime. And so in this case, we have the nature of the crime being drug trafficking and the likelihood of finding useful evidence. And so it's the likelihood of finding useful evidence in a certain place that is to be searched. And the question is, what is this evidence? So when you look at the warrant application for both the first real-time location as well as the 4603, the statement for probable cause is basically that we have one phone call where he is setting up the informant with a third party for a proposed drug sale and that sale never happens. So the nature of the crime is a conspiracy at this point or a facilitating, but not a direct hand-to-hand. And so you can call that drug trafficking, which is a very broad type of crime. So was there one call on the 4603? There was no drug-related phone calls for the 4603 phone number that are related anywhere that we have access to. But in the statement in both of those warrants, it's basically that he says the location data will assist in the investigation. But what the law requires is that the location data is evidence. And so when you have a search warrant, you're allowing the search for and seizure of either contraband or the search for and seizure of evidence. And here, information may be relevant, but it is not itself evidence unless you have more information about what any particular location relates to this crime that's under investigation. Counsel, how do you distinguish our Lopez Zuniga case, and I may be mispronouncing that, where basically we said, look, there's no direct evidence. And I'm paraphrasing here that the suspect was using the vehicle, but it's not that big of a leap. And why doesn't that apply to a cell phone in this case? It does not because of the development of the law. In that case, in Lopez Zuniga, it was a little hard to tell, but I believe that the court held that it was on all three instances that the affidavit warrants did, I mean, applications did not establish probable cause. But that by the time that the third warrant issued, that because Lopez Zuniga had been involved in a hand-to-hand drug deal himself, rather than simply associating with another drug dealer in non-inculpatory circumstances. I'm reading from the case here, and I think it says, and I'm sorry to interrupt, we don't think it's entirely reasonable for an officer to conclude that a connection between the car and the contraband need not be as strong when the warrant merely authorizes tracking. And isn't that what we have on the 4603 phone? I believe that would have to be overruled at this point by Carpenter. And the reason for that is that you can't overrule the requirements for probable cause. You could say that, and the reason that I'm saying this is that it makes sense in the terms of good faith, that you can say, on a good faith basis, we can look at this and say, alright, an officer, a reasonably trained officer, could confuse this at that point. But I don't believe that you can then disassociate the requirement that there be sufficient evidence in the warrant affidavit to establish that nexus between this is going to be evidence. So in the case of, there are numerous cases that the court has said, well, they got a search warrant for the house, and they saw the suspect go to a hand-to-hand, and then they saw the suspect return to the house. And at that point, because of the nature of the drug crimes and having a hand-to-hand, we could connect the house with the drug dealing. Or that the suspect left the house before the deal and then completed the deal. But that there is some location associated with the ability to obtain a warrant and then have a search of that place. Here, there is nothing, and it's admitted in the warrant application itself, where they have any idea that travel to a certain location is itself evidence of illicit conduct of drug trafficking. But rather, they're trying to use this trafficking or this tracking warrant, not to gain evidence itself, but to gain leads. To gain information that they can then develop later on into some type of evidence. But that's the problem with general warrants. That's the problem. That's why the Fourth Amendment limits searches. They limit the ability of officers to obtain certain types of evidence. And that is the importance of why this, what you say probable cause is, and why it's obvious from the face of the applications that the officers did not have probable cause to obtain location information. Let me ask it this way, Ms. Villa. If the officers have probable cause to believe that a suspect is a drug dealer, and that he goes, for example, to a source to obtain drugs. And if they also have cause to believe that he carries a particular phone with him at most or all times. Why wouldn't the warrant generate evidence of the drug trafficking if it shows where he goes to get the drugs? No, in that instance, and there are instances in which location trafficking has been supported by probable cause. Where they say, and we know that he goes to Miami every two weeks to resupply. Or he goes to, but there is some information that when this person takes a certain trip. What I'm trying to understand is if they don't know yet where the source is. And that's the key. Why does that make a difference? Why isn't it still evidence of the crime? Let me just finish the question. Why isn't it still evidence of the crime if the location data shows that the suspect goes to a particular place to get the drugs? Because how can you tell that he's going to a specific place to get the drugs? I mean, without information that this place is associated with the drugs. Logically, you have a problem actually having that be evidence. And that's exactly the problem in this case. Is that he went to a park. He went to various places. They tracked him all over. But without information that a specific trip was going to be for drug purposes. They had no ability to sort. And neither did the magistrate issuing the warrant as to which types of activities were going to be illicit. And so that's the whole idea behind having a warrant. It's a limiting factor of being able to say this travel is evidence of a crime. Because we know from reliable information that this is going to happen for purposes of drug trafficking. Rather than purposes of daycare. Or purposes of going to a legitimate work. Or purposes of having a Ponzi scheme going on. Or purposes of having some child pornography hookup. Or purposes of running any other type of criminal enterprise. You have to have it be connected with the crime. Maybe you can help me out on the hypothetical about a suspect going to Miami. If the warrant issue is there and there's no problem with it. The location information will likely cover more than just the drug dealing. It will cover the airport trip. It will cover the dinner. Social activities in addition to that. And there the nexus is well we know he's dealing drugs in Miami. Here we know that he's dealing drugs locally. And the location information covers what? Information in addition to the drug dealing. But once you can see that there's probable cause for the drug dealing. It seems to me to be a tougher question. No I don't believe so. Because the thing is that you can have anybody come in and say. People say yeah he's dealing drugs. And you have no information about how he's dealing drugs. You have no information. So the equivalent of this would be to have a police officer come in and say. Okay same information. We have one phone call where he said bye with a third party. Arguably okay. And then we want a warrant to search his house. Because it will be helpful for us to see what's in his house. Because drug dealers often have evidence of drug dealing in their houses. Now if that is sufficient probable cause for obtaining location information. It's sufficient probable cause to search this man's home. To search his cars. To search any place that he's been. Because that's what the court is saying. Is that once you have probable cause that anybody is committing any crime at all. Ever. That all information can be seized without establishing a nexus in the warrant itself. That you can use this to develop information that will lead to evidence. Rather than have the location be evidence at the time the warrant is issued. How about the so called beeper cases? You're familiar with those. U.S. v. Cairo from the Supreme Court. And follow on litigation over beepers. Isn't the whole concept of the beeper warrant one. Where the officers are trying to identify a location where the person goes. In order to conduct criminal activity. And haven't those been upheld. Without knowing in advance where the location is. The beeper ones were discussed in Carpenter. And the thing was that they said that the beepers are not equivalent for cell site location information. And so they made a distinction in Carpenter itself. Due to the fact that everybody is basically chained to their cell phones. That wherever you go you're going to find a person. And you're going to find their cell phone. And so it's like when my daughter is on a trip. And she does glimpses. And I know when they stop at a gas station. And I can tell when she goes into the bathroom. Or when they're tired because they wander around. Because I can follow their movements from where their cell phone is. And that's just it. The Supreme Court says that is functionally a different level of surveillance. And we are going to accord it that idea that you have to have probable cause. And courts since then have said you know there is so much information. Is that you have to have that idea of specificity. And that just saying yeah he's a drug dealer is not enough. I would like to reserve the rest of my time if I may. Thank you for your argument. Ms. Bell. Ms. Villa you can mute your microphone. And Ms. Bell will hear from you. Thank you. May it please the court. Counsel. Good afternoon. I'm Assistant United States Attorney Leanne Bell. Appearing on behalf of the United States in this matter. I plan to focus my time this afternoon talking about the nexus component of both the real time and historic location information. And I think it is important to point out those things that are not in dispute. It is not in dispute that there was probable cause to believe that the defendant was engaged in ongoing drug trafficking activity. There is not a dispute that the defendant was the user and carrier of the phones involved here. And so what the court is really asked to decide was whether there was a substantial basis for the issuing judge for these warrants to conclude that there was probable cause to believe that evidence of drug trafficking would be found in the defendant's location information. Whether real time or historical. With respect to only the real time location information, there is a dispute about whether or not the 4603 phone, so the phone that Mr. Barnes did not use directly in his drug trafficking, whether the location of that phone could be evidence of drug trafficking even if that phone itself was not evidence of drug trafficking. And as the position of the United States, both the magistrate judge and the district court judge, correctly found that the phone itself does not need to be used for drug trafficking in order for the location of that phone to provide evidence of the defendant's location and therefore evidence of drug trafficking. And so I do think I want to make clear that the required nexus that I'm discussing here is not lesser than the nexus required in any other case. The nexus required to get location information is just different. So for example, if you are obtaining the location information on a phone, it doesn't matter if the phone is used for drug trafficking or not because all you need to know is that that phone is used by that person and carried with them. Separately and differently, if you were searching the contents of a phone for evidence of drug trafficking, you would need a nexus between that phone and its contents and drug trafficking. And so I want to make clear that it is the position of the United States that the nexus requirements are not lesser, they're merely different depending on what you are obtaining. And I think the magistrate judge and the district court judge below made that very clear that it is the nature of the offense that is critical along with what it is you are attempting to obtain. Then following on from that, sort of the second issue is the more direct nexus issue. So did the issuing court have a substantial basis to conclude that there was probable cause to believe that the defendant's location vis-a-vis his cell phone is evidence of drug trafficking? Counsel, if I may interrupt, I'm sorry to derail you here. Does that mean any time there's probable cause that an individual committed a crime or probable cause of another sort to seek evidence, that location information based on a cell phone is available? No, it does not, Your Honor. In this case, we're talking about an ongoing crime, specifically drug trafficking, which this court has recognized presents different circumstances than other types of crime because of the ongoing nature. I think you see that most prominently in the staleness arguments and discussion on staleness with respect to drug trafficking evidence. So if, for example, you had evidence of a crime that someone committed a single bank robbery and then you wanted to get their prospective location information with no additional information, there could be a circumstance, I suppose, if they were serially engaged or something. But committing a crime itself is not sufficient to obtain a warrant for location information. This warrant went beyond simply that the defendant was engaged in ongoing drug trafficking. The affiant who averred that he was a 10-year veteran of the police force and had specific training in drug interdiction, advanced narcotics, and other things explained his probable cause why he believed the defendant was an ongoing drug trafficker, but he also explicitly explained why he believed location information would be evidence of a crime and why they were seeking this warrant. He said locations can show where the defendant goes to obtain narcotics, where he stores them, and distribution locations, along with assisting in identifying associates. The officer also averred in this particular set of warrants that such information had been obtained by him before in similar warrants and it had been crucial in advancing those other investigations. That is, it had been evidence that was used in those investigations. And of course, aside from what was explicitly stated in the affidavit, a reasonable inference for the reviewing judge would be that a drug trafficker obtains their drug somewhere. I think as the court pointed out, in this case, it was within Rochester. There was not a trip to Miami that was known to law enforcement or a trip to Chicago, but there was that the defendant was a large-scale drug trafficker bringing large amounts of drugs into Rochester, Minnesota. And then, of course, there's the warrant itself, which specifies the crime. There's actually a paragraph in the warrant itself, paragraph 6, which specifies the offense for which the warrant was obtained and is authorized, and that offense was third-degree drug sale. And so I do want to be clear that just because there is information that law enforcement officers don't know does not render a warrant a general warrant. It also doesn't render a warrant a general warrant if law enforcement officers may see things during the course of that warrant that are not evidence of a crime. You can think about a simple search warrant at a residence. Officers have a search warrant to find drugs at a residence. They're going to open drawers. They're going to go into bedrooms and bathrooms to look for those items, and during that search, they are going to observe items that are not, in fact, evidence. It's no different with respect to tracking warrants. There is, of course, going to be some information that's not relevant to their investigation, but there is probable cause to believe that there is evidence that will be relevant to their ongoing investigation. I would like to point out, turning to the historical warrants. Before you do that, let me raise a question on the location warrants, the real-time warrants. Ms. Villa makes this point that you're really seeking leads information as opposed to, I guess, as opposed to evidence of a crime. Could you address that? Well, leads are evidence of a crime. I guess I'm not, if the defendant makes repeated trips to a particular residence and law enforcement officers observe that in the location information and believe that that's the stash house, that's evidence of a crime. So I don't think that you have to know definitively, just like in a residence, what you're going to find there in order to know that it is, there's probable cause to believe that you will find evidence of a crime there. So to the extent you, for example, might search a residence in a drug trafficking case and among the items that you get to see is banking information. You don't know what that banking information is going to say. You don't even know if all you'll have is the envelope for a Wells Fargo account, but that will then be evidence that the defendant has a Wells Fargo account and will also maybe render evidence that the defendant has made large cash deposits in that Wells Fargo account. And so I think evidence of a crime is a broad category. It's not definitive evidence. It's not the final evidence. It's not proof beyond a reasonable doubt. It's evidence of a crime. So you think if this warrant gathered evidence that the suspect went to a particular storage locker, say, multiple times, even if you didn't already have evidence that there were drugs in the storage locker, you would consider that evidence of a crime because you could combine it with other evidence to show that the storage locker was a drug, part of the drug conspiracy? Is that your nutshell? Correct, Your Honor. Yeah. All right. You wanted to talk about the historical warrants, and I diverted you. No, no. Just briefly, sort of to focus on the historical warrants, the significant difference there still remains the same informant information. In terms of probable cause, there's no dispute that the warrants established probable cause that there was ongoing drug trafficking, and there's also no dispute that the warrants established probable cause that Mr. Barnes was using those two particular accounts, both his personal account and his business account. But the warrants now, when we're talking about the historical location information, have even more specific information about the defendant and where he's getting the drugs and how he's getting the drugs. Both of those warrants contain information. In particular, I'm referencing the personal account because that was the warrant for which the evidence was introduced at trial. But the police had an informant who explained to them how the defendant was getting his drugs through the mail. The individual said that there were multiple residences where packages would be shipped. There was information from that CI that they knew specific locations that the defendant would use. And so the historical warrants do, in fact, provide further information about where and how the defendant was conducting his drug trafficking activities. And so that is even more evidence that the issuing judge had a substantial basis that evidence of drug trafficking would be found in the historical location information. With that, Your Honor, that was the point I wanted to make sure that I made about the historical location information. Unless the court has any questions, I will cede the rest of my time. On the 4603 warrant, given that apparently there's not evidence that it was used in the drug business, was there a clear assertion that the suspect carried that phone with him while conducting drug business, even though he didn't use it in communicating about the drug business? And was there a necessary predicate for this type of warrant? There was evidence that the defendant carried and used that phone regularly. There was not a specific evidence that he had that phone with him during any particular drug transaction. But in light of, frankly, common sense, so you can look at the court's opinion in Carpenter, folks carry their cell phones with them everywhere. That's part of what they do. And so once they could show that he was a regular carrier and user of that particular cell phone, it was a reasonable inference that he would have it with him when he was grocery shopping and engaged in drug trafficking. What was the information supplied about regularity of carrying that phone? Sure. So the officers explained that Mr. Barnes had made contact actually with the police department itself in August of 2017 with that phone and spoke with someone at the police precinct multiple times from that phone number and that the individual at the precinct actually returned calls to Mr. Barnes at that phone number and they were answered by him related to something he had to do with the police department, apparently. Then in May of 2017, there was a jail call that was made from that phone number and the AFI had to explain that the voice sounded like Mr. Barnes' voice, which is something that he had recognized in other circumstances. And so based on his use of that phone repeatedly with the Rochester Police Department and also making calls with folks in custody, that was the basis that they believed he used that phone as a regular phone that he would answer. Did they have any phone records for that phone in advance from a subpoena that would show that it was used the day or anything like that? There is nothing in the affidavit related to phone records, no. Okay, thank you for your argument. Thank you. Ms. Villa, we'll give you two minutes for rebuttal if you'd like. Before we start the two minutes, we'll ask you to turn on your microphone so you get the full value. Thank you. It's interesting because the language that Ms. Bell, or the rule that Ms. Bell is proposing, is that if it's an ongoing crime such as drug trafficking, you get to do this. If it's a single instance crime, you don't. But you can always argue that there are ongoing investigations, and so it's not a really good test or a good bright line for limiting these types of warrants or to limit what probable causes. She also says that it can show, not that it will show, they didn't have any information that they will find out, and it's that he was using third parties, if anything, and that's what their information that they had was that he may have been involved in this, he may have been responsible, but there was nothing to say that he was actually traveling to any place to obtain drugs, that he could have been like the godfather in Mario Puzo's, you know, that he was hands-off. And so that they did not have the information to say his location, even in this instance, was going to be evidence of crime. And leads, as far as trips to a stash house, trips to a storage locker, you would have to actually confirm that that is a stash house, that that is a storage locker, and there was nothing in this warrant to say there was a way of confirming that. And so you are leads, and you are not having evidence. Leads are not evidence. They may eventually turn into evidence, but that's not what a warrant allows the government to do under the Fourth Amendment. And that's what the framers did as far as limiting. Thank you. I would like to submit the rest of my case on the briefs. Very well. You may do so. Thank you for your argument. Thank you to both counsel. The case is submitted. The court will file a decision in due course.